RECEIVED

AUG 2 0 2012

AT 8:30_____
WILLIAM T. WALSH, CLERK_____M

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SPECIAL PURPOSE VEHICLE (SPV) (a/k/a
JCW-RODALE LIMITED) and James C.
WAGNER,

          Plaintiffs,

v.

Marc A. CELELLO, Esq., and THE
CELELLO LAW GROUP, LLC,

          Defendants.

Civ. No. 11-7374

**MEMORANDUM OPINION & ORDER**

THOMPSON, U.S.D.J.

I.      INTRODUCTION

This matter has come before the Court upon Defendants Marc A. Celello, Esq., and the

Celello Law Group, LLC's Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil

Procedure 12(b)(2) or, alternatively, to Transfer to the Northern District of Georgia [docket #10].

Plaintiffs Special Purpose Vehicle (SPV) and James C. Wagner oppose the motion. [11]. The

Court has decided the motion upon reviewing the submissions of the parties and without oral

argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons detailed below,

Defendants' Motion to Transfer is granted.

II.     BACKGROUND

This is an action for breach of contract in connection with an escrow agreement under

which Defendants agreed to act as escrow agent. Plaintiffs allege that Defendants breached the

Escrow Agreement in releasing $3,000,000 from their possession without authority. (Compl. ¶ 1)

[1]. Plaintiffs further allege that Defendants' release of the funds was part of a fraudulent scheme

-1-

to deprive Plaintiffs of their funds.  (*Id*.)

On June 27, 2012, Defendants filed the present Motion to Dismiss or, in the alternative, to Transfer Venue.  Defendants argue that because the Defendants have no relationship whatsoever to the State of New Jersey and did not purposefully avail themselves of this jurisdiction generally, or specifically with respect to this case, this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Defs.' Br. at 2).  Alternatively, Defendants contend this case should be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). (*Id.*).

III.   ANALYSIS

**A.  Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2)**

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists.  First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant.  Second, the court must determine whether the exercise of personal jurisdiction would be repugnant to the Due Process Clause of the Fourteenth Amendment.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

In this District, the inquiry may be collapsed into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction "consistent with due process of law." N.J. CIV. R. 4:4-4.  As such, this Court will allow out-of-state service "to the uttermost limits permitted by the United States Constitution." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002) (quoting *Charles Gendler & Co.. Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986)).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting

activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). A court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia. S.A. v. Hall*, 466 U.S. 408, 416 (1984). To establish general jurisdiction, the Plaintiffs "must show significantly more than mere minimum contacts" with the forum state. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive." *Reliance Steel Products Co. v. Watson. Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citations omitted). However, where the cause of action "is related to or arises out of the defendant's contacts with the forum [and] the defendant has . . . sufficient 'minimum contacts' with the forum," the forum state can exercise 'specific jurisdiction' over the defendant. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002). The touchstone of the specific jurisdiction inquiry is whether or not the Defendant's deliberate actions in the state show that Defendant "reasonably anticipate[d] being haled into court there." *World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (internal citations omitted). A defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to these standards. *See* FED. R. CIV. P. 12(b)(2).

Defendants maintain that they are not subject to personal jurisdiction in the District of New Jersey. Defendants note that as an attorney Mr. Celello is only licensed to practice in the State of Georgia (Decl. of Marc A. Celello ¶ 1 [hereinafter "Celello Decl."]). Moreover, Defendants note that the law firm, The Celello Law Group, LLC is a Georgia limited liability company. (*Id.* ¶ 4). Defendants maintain that Mr. Celello does not advertise his services in New Jersey or, in fact, anywhere outside of Georgia. (*Id.* ¶ 3). Defendants additionally note that

neither Mr. Celello nor his agents ever traveled to New Jersey with respect to the any matter related to this case or for any other purpose. (*Id*. ¶¶ 20–21). Moreover, Defendants note that Mr. Celello was initially contacted by Mr. Gibbons, a British National, and agreed to act as the escrow agent. (*Id*. ¶¶ 5–6). Finally, Defendants note that under the terms of the original December 7, 2009 Escrow Agreement, "Atlanta, United States of America Law shall govern" the Agreement. Similarly, the Second Escrow Agreement dated December 31, 2009 states: "The parties to the Escrow Agreement submit to the jurisdiction and law of the state of Georgia, United State of America." (Celello Decl.¶ 11).

Plaintiffs counter that Defendant has purposefully availed itself of the privileges and/or benefits of New Jersey by advertising that it conducts business "worldwide" on its website. (Pls.' Opp'n at 5). Plaintiffs note that Defendants' escrow services have previously taken him into Michigan. (*Id*. at 7). Moreover, Plaintiffs note that Defendants were aware that Plaintiffs operated out of New Jersey, made communications with them knowing that Plaintiffs were communicating from New Jersey and that Defendants received money deposited from New Jersey accounts owned and operated by Plaintiffs. (*Id*.). Consequently, Plaintiffs argue that sufficient contacts exist to justify the exercise of both general and specific jurisdiction in this case. The Court disagrees.

As framed by the United States Court of Appeals for the Third Circuit, the issue before the Court in considering whether the Court has general jurisdiction over the Defendants is whether the Defendants do a "continuous and substantial part of [its] business in the forum state, such that it has availed itself of the 'benefits' or 'protections' of the law of the forum state." *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985). In *Gehling*, the Third Circuit held that despite the placement of advertisements in the New York Times and the Wall Street Journal a non-resident medical school was not subject to personal jurisdiction in Pennsylvania, even though

the newspapers were circulated throughout Pennsylvania. Similarly, the Court does not believe that Defendants' touting their worldwide acumen on their website sufficient to confer jurisdiction on this Court. Defendants' modest general promotional activity does not support a finding that it engaged in extensive and pervasive business activity in New Jersey. Therefore, in light of the lack of allegations regarding Defendants' contacts with New Jersey, the Court finds that Plaintiff has not established that the Defendants have continuous and systematic contacts in New Jersey. For this reason, the Court cannot properly exercise general jurisdiction over Defendants.

Nor is the fact that Defendants communicated with Plaintiffs based in New Jersey and accepted the escrowed funds originating from the State of New Jersey sufficient to demonstrate specific jurisdiction in this case. *See Dollar Sav. Bank v. First Sec. Bank, N.A.*, 746 F.2d 208, 214 (3d Cir. 1984) (holding that minimum contacts were not established when nonresident bank did no more than borrow from and repay loan to forum bank by wire transfer). There is no evidence that the Defendants' contacts with New Jersey gave rise to the alleged breach. As Defendants note, neither Mr. Celello nor his agents ever traveled to New Jersey with respect to the any matter related to this case. Moreover, the Court cannot conclude, based on the record before it that Defendants can be said to have "purposeful availed" themselves of New Jersey law within the course of their communications with Plaintiffs. Consequently, Plaintiffs have failed to meet their burden of establishing personal jurisdiction over Defendants in the District of New Jersey.

**B. Transfer of Venue Under § 1404(a) in Lieu of Dismissal**

Although Defendants have moved to dismiss the Complaint under Rule 12(b)(2), the Court will transfer this case pursuant to 28 U.S.C. § 1404(a) in light of the Third Circuit's preference for transfer over dismissal. *See generally United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

might have been brought." 28 U.S.C. § 1404(a). As the Court finds that the case could have been brought in the Northern District of Georgia, the Court must turn to the other factors informing the transfer of venue. Section 1404(a) requires consideration of the convenience of the parties, the convenience of the witnesses, and the interests of justice. In determining whether transfer is appropriate, courts typically engage in a multi-factor balancing test whereby they consider the private and public interests at stake. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Private interests include: (1) plaintiff's forum preference as reflected by the initial filing; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial situations; (5) the convenience of the witnesses to the extent that witnesses might be unavailable for trial in either fora; and (6) the location of books and records. *Id.* (citations omitted).

Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80 (citations omitted).

Within this framework, "a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum," *id.* at 880, and accordingly receives "substantial consideration," though not dispositive weight. *Id.* (citations omitted). Thus, where a forum selection clause governs, the plaintiff's choice of forum does not receive the usual deference it would otherwise receive. *Id.* (citations omitted). Moreover, the forum selection clause will be considered valid unless the party objecting to its enforcement establishes the existence of "fraud, influence or overweening bargaining power." *Id.* at 880 (quoting *The Bremen v. Zapata Off-Shore*

*Co.*, 407 U.S. 1, 12–13 (1972)).

Although the Plaintiffs raise several arguments against transfer, none of those arguments counsel against transferring the instant case.   Plaintiffs rely on their own forum choice preference, but, as the Court rules that it does not have personal jurisdiction over the Defendants, this factor is of little relevance to the Court's analysis.  Plaintiffs additionally contend that cost of travel and the ability to maintain counsel with whom they are accustomed all weigh in favor of Plaintiffs' choice of venue.  However, the cost to Plaintiffs is never quantified and without more, particularly here, where the Court lacks personal jurisdiction over the Defendants, this factor is also insufficient to bar the requested transfer.

Defendants by contrast note that the seemingly valid choice of law provisions in the governing Escrow Agreements provide that the "Atlanta, United States of America Law" or "the jurisdiction and law of the state of Georgia, United State of America" shall govern. Therefore, Defendants contend that conflicts of law considerations favor transfer to the Northern District of Georgia. *See Advanced Techs. & Installation Corp. v. Nokia Siemens Networks US*, LLC, 2010 U.S. Dist. LEXIS 91370 (D.N.J. 2010) (noting that although federal district courts are accustomed to applying laws of different states, this factor slightly favored transfer of the case to the district that state's law applied, because such court "would be more familiar with [the] law [that applied] simply because they have greater occasion to apply it than do District of New Jersey judges."). Given Plaintiffs have not indicated that they would prefer to have the case dismissed rather than transferred, the Court will grant the alternative motion to transfer under section 28 U.S.C. § 1404(a).

IV.   CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS this *13*day of August, 2012,

-7-

ORDERED that Defendants' Motion to Dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(2) or, alternatively, to Transfer to the Northern District of Georgia [docket #10] is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that the Clerk shall transfer the record in this case to the Northern District of Georgia.

ANNE E. THOMPSON, U.S.D.J.